**SO ORDERED.**

**SIGNED this 05 day of April, 2010.**



_/s/ Dale L. Somers_
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| EDWARD WILLIAM BANGE, | CASE NO. 08-40156-12 |
| DEBTOR. | CHAPTER 12 |

**OPINION DENYING RELIEF THE DEBTOR SOUGHT BY FILING DOCKET NUMBER 282, STRIKING DOCUMENTS FILED BY JAMES THOMAS McBRIDE, AND CONVERTING CASE TO CHAPTER 7 BASED ON THE DEBTOR'S FRAUD**

This case came before the Court for hearing on March 22, 2010, on the Chapter 12 Trustee's motion to strike docket number 282, and to dismiss or convert the case to Chapter 7, and on an order directing James Thomas McBride to show cause why documents he has filed in this case should not be stricken and he should not be barred

from submitting any further documents on behalf of anyone but himself.  Trustee Eric C. Rajala appeared in person.  Creditor CNH Capital America, LLC, appeared by counsel Matthew Stromberg.  Bank of America appeared by counsel Steve Dexter.  David Klaassen, who was recently allowed to withdraw as counsel for the Debtor, appeared for himself.  Neither Debtor Edward William Bange nor James Thomas McBride appeared. The Court received evidence, heard arguments, and took both matters under advisement. The Court is now ready to rule.

**Facts**

The Debtor filed his Chapter 12 petition on February 20, 2008.  He did not file his schedules and statement of financial affairs until a month later.  In his schedules, which he signed under penalty of perjury, he reported owing Bank of America on over 50 separate secured debts.  Over the next year and a half, the Debtor appeared to resolve various disputes with various creditors, including Bank of America, and with Eric Rajala, the Chapter 12 Trustee administering his case.  He also obtained permission to incur postpetition secured debt to help him operate his farming business.  However, the Debtor did not file a Chapter 12 plan of reorganization until August 29, 2009.  Under the plan, the Debtor was to pay debts owed to, among others, Bank of America and CNH Capital America, LLC.  While testifying under oath on January 8, 2010, the Debtor admitted he had signed the plan.

Earlier in August 2009, the Debtor had sent the Trustee a package which contained a number of counterfeit money orders, and directed the Trustee to pay his debts with

them.  The Trustee forwarded the documents to the United States Trustee's Office, but has heard nothing further from that office about them.  The Trustee also contacted the Debtor's attorney, David Klaassen, who said he had admonished the Debtor to make no further extralegal attempts to deal with his debts, and believed the Debtor would, in the future, comply with his obligations under the Bankruptcy Code.  The Trustee took no other action at that time about the money orders.

The Debtor's proposed plan drew objections from Bank of America and CNH Capital.  His attorney worked with the objecting creditors and ultimately agreements were reached resolving the objections, which would allow the Debtor's plan to be confirmed.  A hearing on confirmation of the plan was held on January 8, 2010.  At that time, testifying under oath, the Debtor indicated he was not comfortable with the plan because, although his attorney was satisfied that Bank of America and CNH Capital had properly proven the debts he owed them, he believed they should be required to present additional evidence of the debts.  Documents filed later make it appear he thinks the creditors loaned him only "credit," not money, and that somehow means he is not obliged to repay them.  The hearing was adjourned and, other than being part of a telephone status conference, the Debtor has not appeared before the Court again since then.

On February 4, 2010, acting without his attorney's help, the Debtor filed a document entitled, "Termination and Reappointment of Trustee by Affidavit," which was entered as docket number 282.  The document accused an unnamed trustee of a trust purportedly established by the Debtor of acting in various improper ways, and declared

the Debtor's intent to terminate that trustee and replace him with James Thomas McBride of Columbus, Ohio. Since that time, Mr. McBride has filed several documents with this Court, entered as docket numbers 293, 300, and 319. The documents are full of nonsensical legal jargon, and attempt to order the Court and others to take various actions, under threat of sanctions. The Debtor and Mr. McBride seem to think docket number 282 has removed the Chapter 12 Trustee from this case, and replaced him with Mr. McBride. On March 8, the Court issued an order directing Mr. McBride to show cause why his documents should not be stricken from the record because he seemed to be trying to act on the Debtor's behalf, but did not appear to be licensed to practice law, as required for him to appear for anyone but himself.

On February 11, 2010, Mr. Klaassen filed a motion to withdraw as the Debtor's attorney, saying they no longer had a working relationship because the Debtor was not returning his phone calls and emails, apparently disagreed with Mr. Klaassen about how to proceed with various pending matters, and was apparently avoiding paying Mr. Klaassen's fees and expenses. After proper notice was given, the Court allowed Mr. Klaassen to withdraw.

Also on February 11, Trustee Rajala filed a motion to strike docket number 282, and to dismiss this case or convert it to Chapter 7. The motion was set for an evidentiary hearing on March 22, 2010, and notice of the hearing was sent by first class mail to the Debtor at his home address. The show cause order directed to Mr. McBride was set for the same hearing, and notice of the hearing was sent by first class mail to Mr. McBride at

4

the address he gave for himself in his documents. Bank of America and CNH Capital filed a joint response supporting the alternative of converting the case to Chapter 7. They also submitted the affidavit of Stephen Dexter, an attorney representing Bank of America, who reported that Mr. McBride has sent documents to him, claiming, among other things, that the Debtor owes no debt to Bank of America.

The Trustee, Bank of America, and CNH Capital appeared at the hearing on March 22, 2010, along with Mr. Klaassen, who appeared on his own behalf, but neither the Debtor nor Mr. McBride appeared. Evidence presented at the hearing included the liquidation analysis that had been attached to the Debtor's Chapter 12 plan. It showed that in August 2009, the Debtor believed the value of his assets exceeded his debts by over $500,000. Even if the values are overestimated, there is a good chance a Chapter 7 trustee could liquidate the Debtor's non-exempt assets for enough money to provide a meaningful distribution to unsecured creditors.

**Discussion**

*1.    Motion to strike and order to show cause*

At the March 22, 2010, hearing, the issue of striking the document the Debtor filed, docket number 282, and the documents Mr. McBride filed, docket numbers 293, 300, and 319, was addressed. Mr. Klaassen asked for some time to submit a brief about the effect striking the documents might have. He has now filed a brief suggesting striking docket number 282 might preclude the Court from relying on it as a basis for granting any kind of relief against the Debtor. To make sure no such result can occur, the Court will

5

not strike the document but instead simply deny any relief the Debtor was seeking by filing it. The Court finds that the document is improper, asserting, to the extent it makes any sense, authority and powers that the Debtor does not possess. Whatever relief the Debtor thought the document might get him will be denied.

Mr. McBride's documents are similarly nonsensical and assert authority and powers that Mr. McBride does not possess. Unlike the Debtor, though, Mr. McBride has not asserted any legally recognized interest in this case, nor has he suggested he is licensed to practice law so that he may represent the Debtor's interests. His documents will be stricken from the record and declared to have no legal effect in this case except to the extent they reveal more information about the Debtor's present intentions. Mr. McBride is directed not to file any more documents on behalf of the Debtor or as his purported representative.

2.  *Motion to convert for fraud*

Under the circumstances presented, the Court concludes this case should be converted to Chapter 7, as authorized by § 1208(d) of the Bankruptcy Code. It provides: "On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the

6

case." The Court has found two cases offering interpretations of this provision, *Agribank, FCB, v. Kingsley (In re Kingsley)*,[1] and *In re Caldwell*.[2]

In *Kingsley*, the court indicated it had found fraud under § 1208(d) by applying the fraud elements applied under § 523(a)(2)(A) to determine whether a debt was excepted from discharge.[3] The Tenth Circuit Bankruptcy Appellate Panel has stated the elements of "false pretenses, a false representation, or actual fraud" under § 523(a)(2)(A) in terms very much like those recited in *Kingsley*:

> 1) the debtor knowingly committed actual fraud or false pretenses, or made a false representation or willful misrepresentation; 2) the debtor had the intent to deceive the creditor; and 3) the creditor relied on the debtor's representation. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir.1996). The creditor's reliance must have been justifiable, *Field v. Mans*, 516 U.S. 59, 74-75 (1995), and the creditor must have been damaged as a result, *Young*, 91 F.3d at 1373.[4]

In *Caldwell*, the court held specific reliance and damages to the moving party are not required under § 1208(d). Instead, the court said the damage the provision tries to proscribe:

> encompasses damage to the bankruptcy process. The damage in this case is the inability of the court, the Standing Trustee and the creditors to rely upon the accuracy of [the debtor's] schedules. *Job v. Calder (In re Calder)*, 93 B.R. 734, 737 (Bankr. D. Utah 1988). Creditors must have reliable information to use in assessing their course of conduct to protect their rights in this reorganization. A

---

[1]162 B.R. 249 (Bankr. W.D.Mo. 1994).

[2]101 B.R. 728 (Bankr. D. Utah 1989).

[3]162 B.R. at 253.

[4]*State of Missouri ex rel. Nixon v. Audley (In re Audley)*, 275 B.R. 383, 388 (10th Cir. BAP 2002).

7

showing of specific reliance and damage is not necessary under these circumstances any more than it would be required under section 727(a)(4). *[Farmers Coop. Ass'n v.] Strunk*, 671 F.2d [391,] 396 [(10th Cir. 1982)].[5]

The *Collier* bankruptcy treatise offers a broad description of fraud that is helpful in this case: "Actual fraud . . . consists of any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another — something said, done or omitted with the design of perpetrating what is known to be a cheat or deception."[6]

The Debtor's attempt in August 2009 to pay his debts with counterfeit money orders was a clear attempt to actually defraud the Chapter 12 Trustee and his creditors. Further, the Debtor's refusal on January 8, 2010, or any time since then, to ask the Court to confirm the negotiated plan which he approved is proof that at least since August 2009, the Debtor had no intention of trying to achieve a successful conclusion to this case by obtaining confirmation of a Chapter 12 plan.

The Tenth Circuit has said, "Subsequent conduct is often probative of one's intent on a prior occasion."[7] The fact the Debtor's August 2009 attempted fraud came shortly before his plan of reorganization was finally filed suggests his intent was merely to delay his creditors as long as possible, and never to comply with any plan to actually repay

---

[5]101 B.R. at 738.

[6]4 *Collier on Bankruptcy*, ¶ 523.08[1][e] at 523-46 (Resnick & Sommer, eds.-in-chief, 16th ed. 2009).

[7]*Farmers Co-Operative Assoc. v. Strunk*, 671 F.2d 391, 395 (10th Cir. 1982).

8

them.  His return in January and February of this year to his ineffectual extralegal activities shows that at least since August 2009, he has not truly intended to reorganize within the confines of Chapter 12.  Instead, he pretended to follow his attorney's advice about pursuing a legitimate plan of reorganization so he could continue to enjoy the relative freedom of action he had during the eighteen months between filing his bankruptcy petition and filing his Chapter 12 plan, and to delay his creditors for what turned out to be five to six more months.  Then, beginning with his testimony at the January 8, 2010, confirmation hearing, and most clearly by filing docket number 282 on February 4, 2010, he revealed his true intent not to reorganize.  The Court agrees with the reasoning of the *Caldwell* decision that specific damages and reliance by the moving party is not required to permit a finding of fraud under § 1208(d).  In a case like this one, damage to the bankruptcy process is sufficient.  The damage in this case is the inability of the Court, the Trustee, and the creditors to rely on the Debtor's good faith in negotiating and achieving confirmation of a Chapter 12 plan.

**Conclusion**

Any relief the Debtor sought by filing docket number 282 is hereby denied.  Mr. McBride's documents, entered as docket numbers 293, 300, and 319, are hereby stricken from the record and declared to be of no effect except to the extent they reveal more information about the Debtor's present intentions in this case.  Under the circumstances, the Court finds the Debtor's actions constitute fraud that, under § 1208(d), justifies converting his case to Chapter 7.  The case will be converted to Chapter 7, and the United

9

States Trustee will be directed to appoint a Chapter 7 trustee to take charge of the Debtor's bankruptcy estate and liquidate it for the benefit of his unsecured creditors.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.

# # #