**SO ORDERED.**

**SIGNED this 23 day of September, 2010.**



Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

EDWARD WILLIAM BANGE,

DEBTOR.

CASE NO. 08-40156-7C
CHAPTER 7

**OPINION RECONVERTING THIS CASE TO CHAPTER 12**

On September 1, 2010, the Court issued its Order Setting Conditions for Granting the Debtor's Motion to Reconvert this Case to Chapter 12. The Court did not cite authority supporting its power to reconvert the case, but will do so now.

Section 706(a) provides: "The debtor may convert a case under this chapter to a case under Chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." The Court has found no cases applying this provision to a request to reconvert a case to Chapter 12, but a number of

courts have applied it to a request to reconvert to Chapter 13. In that situation, some courts have concluded § 706(a) means they have no discretion to convert a case back to Chapter 13 if it was previously converted to Chapter 7, often saying the provision's plain language required that result.[1] But § 706(a) is phrased as a restriction on the debtor's ability to convert a case; it says nothing explicit about the court's authority to do so. Section 706(c), by contrast, provides: "The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion." Unlike subsection (a), this provision is phrased as a limitation on the bankruptcy court's authority to convert a case. A leading bankruptcy treatise relies on this distinction to support the conclusion a court may reconvert a case to a reorganization chapter.[2] The wording of another subsection of § 706 supports the conclusion the identification of the relevant actor in subsections (a) and (c) was no accident. Section 706(d) provides: "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." Unlike subsections (a) and (c), this provision is phrased as a limitation on any conversion, no matter who is doing it. The Court concludes subsections (c) and (d) impose limitations on its authority to convert a case, but subsection (a) does

---

[1] *See, e.g., In re Fry*, 2008 WL 4682266, slip op. at *2-3 (Bankr. D. Kan.) (Nugent, C.J.) (Chapter 13 case); *In re Muth*, 378 B.R. 302, 302-04 (Bankr. D. Colo. 2007) (Chapter 13 case); *In re Banks*, 252 B.R. 399, 402 (Bankr. E.D. Mich. 2000) (Chapter 13 case).

[2] *See* 6 *Collier on Bankruptcy*, ¶ 706.04 at 706-8 (Resnick & Sommer, eds.-in-chief, 15th ed. rev. 2010) (saying use of "debtor" in (a) and "court" in (c) shows Congress intended (a) to give debtors one-time absolute right to convert, not to limit court's authority to convert).

not. Therefore, the Court joins those courts that have held a case previously converted to Chapter 7 may nevertheless be reconverted to a reorganization chapter.[3] This result helps further the general bankruptcy policy of encouraging debtors to choose to pay their debts to the extent they can.[4]

In April of this year, the Court decided to convert this case from Chapter 12 to Chapter 7 on the ground the Debtor had committed fraud during the case. The Court came to this conclusion in large part because of the Debtor's involvement with an anti-government agitator, and actions the Debtor took based on that man's illegal advice. After the Court converted the case, the Debtor repented and helped the U.S. Marshal's Service take steps to end the agitator's activities. The Court is now convinced the Debtor wishes to act appropriately to reorganize his debts under Chapter 12, and should have that opportunity. The Debtor is warned, however, that the Court will not be so lenient with him in the future if he shows any inclination to return to such improper activities.

One of the conditions the Court imposed in the Order Setting Conditions for Granting the Debtor's Motion to Reconvert this Case to Chapter 12 was that an experienced attorney capable of handling a Chapter 12 bankruptcy case must appear as counsel for the Debtor. That condition was satisfied when Paul D. Post entered his

---

[3] *See, e.g., In re Anderson*, 354 B.R. 766, 768-69 (Bankr. D.S.C. 2006) (Chapter 13 case); *In re Hollar*, 70 B.R. 337, 338 (Bankr. E.D. Tenn. 1987) (Chapter 11 to Chapter 7 to Chapter 13 case).

[4] *Hollar*, 70 B.R. at 338 (reconversion permissible because public policy favors repayment of debt); see also 6 *Collier on Bankruptcy*, ¶ 706.04 at 706-8 (Congress "generally want[ed] to give debtors every opportunity to repay their debts if they chose.").

3

appearance on September 10. The Court believes it is now appropriate to convert this case back to Chapter 12. Mr. Post will have until October 29, 2010, to satisfy the second condition the Court set, namely to arrange for the presentation of testimony about assistance the Debtor provided to the U.S. Marshal's Service in Ohio. The final condition, that administrative expenses must be paid in full prior to confirmation of a Chapter 12 plan unless the holder of a particular claim agrees to a different treatment, remains in effect.

      The Debtor's bankruptcy case is hereby reconverted to Chapter 12.

# # #